UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KEITH ALLEN EHRICH,

      Defendant.

**MEMORANDUM OF LAW AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**
Criminal File No. 21-00045 (MJD)

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Robert Meyers, Office of the Federal Public Defender, for Defendant.

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 94.) Although Defendant filed his motion pro se, the Court ordered the Office of the Federal Public Defender ("FPD") to brief the motion and on September 17, 2024, the FPD did so. (Doc. 103.) The Government filed its opposition on October 1, 2024. (Doc. 104.)[1] For the following reasons, Defendant's motion is denied.

---

[1] After the Court ordered the FPD's Office to file a brief on behalf of Defendant, Defendant filed four pro se motions: two motions to appoint counsel, a motion for extension of time to file a reply to the Government's response (Doc. 105), and

## II.   BACKGROUND

For several years, Defendant was a foster parent to his developmentally disabled biological niece, CO.  (PSR ¶¶ 8-10.)  In October 2020, Defendant's romantic partner caught him in the act of sexually assaulting CO, who was then twelve-years-old.  (Id. ¶¶ 8-9.)  In interviews with CO, doctors and investigators learned that Defendant had sexually assaulted CO in approximately 2017 by having "his mouth down there" and had also digitally penetrated CO's vagina. (Id. ¶ 10.)

In February 2021, Defendant was indicted on two counts: (1) Sexual Abuse of a Minor and (2) Abusive Sexual Contact.  (Doc. 5.)  On July 7, 2022, Defendant pled guilty to Count 1 of the Indictment, Sexual Abuse of a Minor in violation of 18 U.S.C. § 2243(a).  The parties agreed that the cross reference to U.S.S.G. § 2A3.1 applied based on Defendant's use of force during the crime of conviction.

---

a motion to modify conditions of supervised release to allow contact with minors (Doc. 107).  No reply briefing was ordered for this motion.  Therefore, all motions will be denied, except the motion to modify conditions of supervised release, which will be denied as moot.

This resulted in application of the 180-month statutory maximum as the Guideline provision.  Defendant admitted that he held down his 12-year-old developmentally-disabled foster-child's legs while he "repeatedly touched [her] genitalia, both directly and through her clothing, with his mouth and his hands." (Plea Agree. ¶ 2(c); PSR ¶ 19 (applying U.S.S.G. § 2A3.1 cross reference).)

On October 19, 2022, the Court sentenced Defendant to 108 months in custody followed by 20 years supervised release.  (Doc. 90 at 2-3.)  While Defendant received a downward variance from the statutory guidelines based on his traumatic childhood, addictions, and rehabilitation while awaiting sentencing and the need to avoid unwarranted sentencing disparities, the Court acknowledged at the sentencing hearing that this was a "harsh" sentence.  This is especially true considering that Defendant requested a noncustodial sentence of lifetime supervised release.

### III.  DISCUSSION

Defendant argues that he is entitled to compassionate release because his mother, the person who had been taking care of his own minor children since he has been incarcerated, was killed in a car accident in August 2024 and if he is not

3

released, his children will have no one to care for them because the children's mother has also passed away. Defendant also cites the harsh BOP conditions during the pandemic, his good conduct at least during the previous six months of incarceration, and his low risk of recidivism as determined by the BOP as additional support for his motion.

### A.     Legal Framework

The court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include the "death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care

4

because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A).

### 1. Exhaustion of Administrative Remedies

Before the Court will consider Defendant's claims, the claims must first be presented to the BOP. 18 U.S.C. § 3582(c)(1)(A); United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021). Claims not first presented to the BOP must be dismissed without prejudice because the exhaustion requirement is a "mandatory claim processing rule." Id. Defendant has exhausted his administrative remedies related to his family circumstances and this claim is ripe for the Court's consideration. (Doc. 98-2 at 10-15.) Defendant, however, did not present his COVID-19 claim to the BOP before filing it with the Court.

### 2. Compassionate Release

The Court agrees with the Government that Defendant has established extraordinary and compelling circumstances. See U.S.S.G. § 1B1.13(b)(3)(A). The deaths of both his children's mother and grandmother are tragic. However, those facts do not make Defendant an appropriate caregiver for his children.

Defendant's crime of conviction was serious and ongoing. Defendant

sexually abused his disabled niece in his own home with his daughter sleeping in the bunk bed above her.  He hid that he sexually assaulted this girl at least two other times over a period of at least three years while living in the same home with her and carrying on his life with his girlfriend and children.  Defendant has not represented that he has participated in any mental health or sex offender treatment programming while he has been incarcerated.  (Docs. 98-2; 103.)  More importantly, Defendant continues to downplay his crime of conviction.  In his application for supervised release, he made the following argument:

> . . . I am a first time offender and I have a clean record of no criminal history.  This is my first offense.  Were I charged in the state, most likely I would have gotten a charge of 90 days work release, and I would have been able to support my family.
>
> . . .
>
> I certainly have no inclination to commit any further crimes when I am released.  I have a solid work history before I was locked up and I have a zero criminal history on my record.  I was not living a life of crime.  I was working and supporting a family.  I am over 40 years old serving a sentence for a screw up in an otherwise perfectly law abiding life.

(Doc. 98-2 at 13.)

The Court does not agree.  Defendant was not living a law-abiding life before he was arrested.  He was periodically molesting his disabled niece before he was arrested.  Defendant was her foster parent, which meant he was

6

supposed to protect her from harm. Defendant was not sentenced for a "screw up." He was sentenced for Sexual Abuse of a Minor.

Thus, Defendant clearly still poses a serious threat of danger to his children. He does not acknowledge the seriousness of his crime despite saying he is remorseful. Accordingly, the Court does not find Defendant's "low risk of recidivism" and "good behavior" arguments persuasive.

While the Court recognizes the steps Defendant took toward sobriety while awaiting sentencing, Defendant has not stated whether he has continued to address his mental health or his serious substance abuse issues while in BOP custody. The Court ordered that Defendant enter into and successfully complete the BOP's RDAP program. While the Court understands that incarcerated individuals have limited control over the timing of their placement in RDAP, it appears that Defendant has not yet completed the program. Moreover, Defendant may be required to participate in intensive substance abuse treatment when he is released from prison. (Doc. 90 at 5.) Without addressing these issues, the Court has no confidence that Defendant can successfully or safely re-enter society, much less safely parent three children without a partner and without his

7

mother's assistance, without relapsing. The motion is denied on this basis.

Similarly, Defendant is also a danger to the community. See U.S.S.G. § 1B1.13(a)(2) (the court must deny a sentence reduction unless it finds the defendant "is not a danger to the safety of any other person or to the community"). Defendant abused a child for years and hid his crime from the community. He was able to do so while he lived with his girlfriend. He now proposes to live alone with his children.

Defendant stated that he does not even remember the last time he abused his victim—the time he was caught—because he was so high on drugs. Therefore, Defendant is also a danger to the community due to drug use that contributed to his criminal acts. He has been ordered to receive treatment both in prison and during supervised release. Defendant's motion is denied based on the danger he poses to the community.

Finally, Defendant did not present his COVID-19 argument to the BOP and therefore, the Court will deny this part of his motion without prejudice for failure to exhaust administrative remedies as to this claim. See 18 U.S.C. § 3582(c)(1)(A); Houck, 2 F.4th at 1084. Even if Defendant had exhausted his

8

administrative remedies, the claim would be denied on the merits because Defendant was not sentenced until September 2022. At that time, the BOP had vaccination protocols in place and was working to resume normal operations.

### B.   18 U.S.C. § 3553(a) Factors

Even though the Court finds that Defendant has demonstrated extraordinary and compelling circumstances due to his family situation, the Court nonetheless finds that a sentence reduction is not warranted, as it would be contrary to the factors set forth in 18 U.S.C. § 3553(a). See United States v. Rodd, 966 F.3d 740, 747-48 (8th Cir. 2020); United States v. Johnson, No. 18-CR-0271 (WMW/HB), 2021 WL 2498524, at *7 (D. Minn. June 3, 2021) (explaining that applying the § 3553(a) factors may preclude granting compassionate release when defendant has demonstrated extraordinary and compelling circumstances), aff'd, No. 21-2339, 2021 WL 6197342 (8th Cir. June 21, 2021).

The seriousness of Defendant's offense and the need to protect the public weigh against granting Defendant's motion. Defendant has caused his victim, her family, and her community long-term trauma and pain by abusing his victim and hiding his abuse for years behind the facade of being a foster parent. See

<u>United States v. Kincaid</u>, 2020 WL 1874113, at *4 (C.D. Ill. Apr. 15, 2020) (denying compassionate release when defendant was given 3 months to live due to nature of defendant's sexual exploitation of children).  To release Defendant to care for children under these circumstances would not promote respect for the law, provide just punishment for this serious crime, or deter Defendant from committing future crimes.  Defendant's motion is also denied on this basis.

IV.   **ORDER**

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) **[Doc. 94]** is **DENIED in part and DENIED without prejudice for failure to exhaust administrative remedies in part** as set forth fully above;

2. Defendant's Pro Se Request for Appointment of Counsel **[Doc. 101]** is **DENIED**;

3. Defendant's Pro Se Motion for Extension of Time **[Doc. 105]** is **DENIED**;

4. Defendant's Pro Se Motion to Appoint Counsel **[Doc. 106]** is **DENIED**; and

5. Defendant's Pro Se Motion to Modify Conditions of Release **[Doc. 107]** is **DENIED as moot**.

Dated:  November 6, 2024                    s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court

10