UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

KEITH ALLEN EHRICH,

          Defendant.

MEMORANDUM OF
LAW AND ORDER
Criminal File No. 21-00045 (MJD)

Lisa D. Kirkpatrick and Katharine T. Buzicky, Assistant United States Attorneys, Counsel for Plaintiff.

Keith Allen Ehrich, Defendant, Pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant's Pro Se Motion to Set Aside Final Judgment on Reconsideration and Defendant's Pro Se Request that the Court Recall Their Mandate Regarding Denial of Compassionate Release in the Interest of Justice. (Docs. 112, 114.) For the following reasons, Defendant's motions are denied.

## II. BACKGROUND

The parties are familiar with the facts of this case and they will only be repeated here in a summary fashion. For several years, Defendant sexually abused his developmentally-disabled foster child. (PSR ¶¶ 8-10.) Defendant

only stopped when he was caught in the act by his romantic partner.  (Id.)  The child was then twelve-years-old.  (Id. ¶¶ 8-9.)

On July 7, 2022, Defendant pled guilty to Sexual Abuse of a Minor in violation of 18 U.S.C. § 2243(a).  The Court sentenced Defendant to 108 months in custody followed by 20 years supervised release.  (Doc. 90 at 2-3.)  One of the conditions of Defendant's supervised release is that he "shall not associate with persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer."  (Id. at 5.)

In August 2024, Defendant filed a motion for compassionate release because, as relevant to this motion, the relative who had been caring for his own minor children since he has been incarcerated, was killed in a car accident in August 2024 and if he is not released, his children will have no one to care for them because the children's mother has also passed away.

The Court agreed that the passing of Defendant's children's caregiver after the loss of their own mother constituted extraordinary and compelling circumstances under U.S.S.G. § 1B1.13(b)(3)(A).  However, the Court denied

2

Defendant's motion because Defendant's offenses were "serious and ongoing"; Defendant was able to hide his crimes from his family and community for years—including his live-in girlfriend; and because Defendant is a danger to his children. (Doc. 109.) In addition, the Court found that although inmates have little control over when they are allowed to enter programming in the BOP, Defendant had not yet entered and completed the Court-ordered RDAP program and noted that Defendant will be required to participate in intensive substance abuse treatment when he is released from prison. (Id. at 7.)

The Court also found that Defendant downplayed the seriousness of his crime—complaining that he was sentenced for a "screw up," was living a "law-abiding life" before he was arrested for the instant crime, and would have likely have only received "90 days work release" if he had been in state court rather than federal court. (Id. at 6-7.) Defendant also had not stated whether he had continued to address his mental health or his serious substance abuse issues while in BOP custody. (Id. at 6-8.) Finally, the Court found that Defendant poses a risk to the public and that early release would be contrary to the factors enumerated by 18 U.S.C. § 3553(a). (Id. at 9-10.)

3

### III. MOTION FOR RECONSIDERATION

    **A.   Threshold Matters**

As a threshold matter, a party must not file a motion to reconsider unless he has obtained the Court's permission based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j); Pro Se Civil Guidebook, at 83 (Post-Trial Motions and Appeals), available on D. Minn. Homepage under Prisoner Resources tab, https://www.mnd.uscourts.gov/sites/mnd/files/Pro-Se-Civil-Guidebook.pdf. Defendant has neither requested nor received permission from the Court to file the instant motions. However, the Court will liberally construe his pro se filings as a request for permission to file a motion to reconsider and will consider the motions. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that pro se pleadings, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers"); In re Cook, 928 F.2d 262, 263 (8th Cir. 1991).

The Eighth Circuit has not determined whether to import the civil standard for motions for reconsideration into the criminal context. United States v. Luger, 837 F.3d 870, 875-76 (8th Cir. 2016). That being said, in civil cases, a

motion for reconsideration serves the limited purpose of correcting manifest errors of law or fact or presenting newly-discovered evidence. Id. at 875. A defendant who simply disagrees with the Court's decision is not entitled to relief. See, e.g., Doe v. Washington Univ., No. 4:19 CV 300 (JMB), 2020 WL 1308209, at *2 (E.D. Mo. Mar. 19, 2020) (addressing motion for reconsideration under Fed. R. Civ. P. 60(b)(1)) (citation omitted).

### B.   New Filings

With the instant motion, Defendant has also filed the following:

- A certificate for completing a 12-hour Drug Abuse Education Course, dated April 5, 2023;
- A certificate for Most Improved Writer in English Class, dated June 6, 2024;
- A certificate for Successful Completion of Family Series Program, dated September 5, 2024; and
- A certificate for successfully completing AARP Foundation Finances 50+, dated November 22, 2024.

(Doc. 112-1 at 4-7.)

### C.   Discussion

Defendant argues he is entitled to relief because the Court did not explain what makes him unfit to care for his own biological children and that the Court

showed partiality to the Government. It also appears that Defendant argues that the Court "failed to hold [his] brief to the pro se standard." (Doc. 112 ¶ 2.)

First, contrary to Defendant's arguments, the Court explained why Defendant is unfit to parent his children: he was conniving enough to hide that he was sexually-abusing a child in his own household for years while he lived with another adult. The night he was finally caught abusing that child, he was doing so in the child's bottom bunk, with his own biological daughter asleep in the top bunk. (Doc. 109 at 5-7.) Still, Defendant maintained that he was a law abiding citizen up until his arrest and that this Court sentenced him for a "screw up." The Court need not further explain how this history and failure to take responsibility makes Defendant unfit to father his own children.

Second, the Court did not "show partiality" to the Government in its prior order. The Court considered both parties' arguments and made its decision based on its application of the law to the facts of the case.

Third, Defendant argues that the Court did not hold his brief to the pro se standard. Defendant is correct. The Court did not do so because Defendant was appointed counsel and counsel filed a new brief on Defendant's behalf. The brief

6

was a well-reasoned piece of legal writing submitted by an attorney from the Office of the Federal Defender.  (See Doc. 103.)

Fourth, Defendant also wants to know why taking treatment courses while parenting his children once released is not an option.  The Court is unsure if Defendant is wondering why the Court did not address this argument or if Defendant is offering this as a possible option for his release.   If it is an argument about the Court's previous order, this argument was not in the brief filed by Defense Counsel.  In addition, Defendant's online treatment argument was moot after the Court denied his motion on other grounds, which meant the Court was not obliged to address it.  Defendant never presented any evidence to support that such a proposal was even possible or supported by Probation, so had the Court addressed this argument, the Court would have rejected it, especially given that online treatment would have allowed Defendant even more opportunity to isolate in his home with his children without outside contact and without having benefitted from the years of treatment he was to receive in the BOP and on traditional supervised release after receiving those benefits.

Fifth, the evidence Defendant submits with his instant motion is unpersuasive because all the evidence, except the certificate of completion of the Foundation Finances class, was available on September 17, 2024, the date Defense Counsel filed his brief in support of Defendant's Motion for Compassionate Release.  "A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated."  Luger, 837 F.3d at 875 (citations omitted).  The financial education course, while important, is not relevant to the Court's concerns.  Moreover, even if the Court had considered the certificates, the outcome of Defendant's motion would have been the same.  Specifically, a course that "help[s] the offender to make an accurate evaluation of the consequences of his/her alcohol/drug use and consider the need for treatment" is not, in and of itself, treatment and is certainly not a replacement for RDAP.  (See Doc. 112-1 at 5 (Drug Abuse Educ. Course Cert.) (emphasis added).)

Finally, because Defendant's Pro Se Request that This Court Recall Their Mandate Regarding Denial of Compassionate Release in the Interest of Justice (Doc. 114) is just another version of the motion discussed above (i.e., a

8

disagreement with the Court's decision), that motion is also denied.  See Wash. Univ., 2020 WL 1308209, at *2.

## IV.   ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Pro Se Motion to Set Aside Final Judgment on Reconsideration **[Doc. 112]** is **DENIED**; and

2. Defendant's Pro Se Request that the Court Recall Their Mandate Regarding Denial of Compassionate Release in the Interest of Justice **[Doc. 114]** is **DENIED.**

Dated:  March 11, 2025                              s/Michael J. Davis
                                                                   Michael J. Davis
                                                                   United States District Court